No. 04-420

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 141

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

SHAYLA SHAW,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDC 03-221,
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jane M. Berger, Public Defender, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Joslyn Hunt,
Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney; Marty Judnich, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  May 25, 2005

Decided:  June 7, 2005

Filed:

_____

Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Appellant Shayla Shaw (Shaw) appeals from an order entered by the Eighth Judicial District Court, Cascade County, denying her motion to suppress the warrantless search of her vehicle following her stop for speeding.  We affirm.

¶2     We must address whether the District Court correctly denied Shaw's motion to suppress evidence seized from a search of her vehicle.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     Cascade County Deputy Sheriff Scott Van Dyken (Van Dyken) stopped Shaw for speeding just past midnight on January 11, 2003.  Van Dyken initiated an investigation and discovered that Shaw also had a suspended license and no proof of insurance.  Shaw informed Van Dyken that she was 18 years-old and that the car belonged to her mother.  Van Dyken became concerned during his conversation with Shaw about the odor of alcohol emanating from her person and her car and asked whether she and her passenger would get out of the vehicle.  Van Dyken then asked Shaw whether he could search her car and Shaw consented.  Van Dyken's search resulted in his finding an open container of alcohol, a marijuana pipe, and a scale used for weighing drugs.

¶4     The State charged Shaw with possession of drug paraphernalia and minor in possession of alcohol in addition to the driving-related charges of speeding, driving while license suspended and no proof of insurance.  Shaw filed a motion before trial seeking to suppress the evidence seized from the search of her vehicle.  She argued that deputy Van Dyken had coerced her consent by threatening to impound her car.  Van Dyken testified that he simply asked for permission to search Shaw's car, which she granted, and that Shaw

never revoked her consent to the search. The District Court denied Shaw's motion to suppress. Thereafter, the court conducted a bench trial and found Shaw guilty on all counts. Shaw timely appeals the minor in possession of alcohol and possession of drug paraphernalia charges on the basis that police illegally obtained the evidence underlying the charges.

## STANDARD OF REVIEW

¶5      We review a district court's denial of a motion to suppress to determine whether its findings of facts prove clearly erroneous and whether its application and interpretation of the law remains correct. *State v. Dewitt*, 2004 MT 317, ¶ 21, 324 Mont. 39, ¶ 21, 101 P.3d 277, ¶ 21. It remains within the province of the trial court to resolve conflicting testimony based upon its assessment of the witnesses' demeanor and credibility and this court will not resolve such conflicts on appeal. *State v. Spina*, 1999 MT 113, ¶ 24, 294 Mont. 367, ¶ 24, 982 P.2d 421, ¶ 24 (citing *Matter of T.N.* (1994), 267 Mont. 81, 85, 881 P.2d 1329, 1332).

## DISCUSSION

¶6      Shaw argues that evidence obtained during the vehicle search proves inadmissible due to the involuntary nature of her consent. She claims that Van Dyken coerced her consent by threatening to have her mother's car impounded until he could procure a valid warrant.

¶7      The Fourth Amendment to the United States Constitution and Article II, Section 11 of the Montana Constitution protect individuals against unreasonable searches and seizures. *State v. Elison*, 2000 MT 288, 302 Mont. 288, 14 P.3d 456. Warrantless searches and seizures remain *per se* unreasonable absent a few carefully drawn exceptions. *Elison*, ¶ 39. A warrantless search of a vehicle in Montana requires both the existence of probable cause and a generally recognized exception to the warrant requirement. *Elison*, ¶ 54.

3

¶8 Probable cause exists when facts and circumstances within an officer's personal knowledge prove sufficient "to warrant a reasonable person to believe that the suspect has committed an offense." *State v. Dolan* (1997), 283 Mont. 245, 253, 940 P.2d 436, 440. Deputy Van Dyken possessed the requisite probable cause to initiate a search of Shaw's vehicle. *Dolan*, 283 Mont. at 253, 940 P.2d at 440. Van Dyken smelled the odor of alcohol on Shaw. Van Dyken knew that Shaw was not of the legal drinking age based on her statement that she was 18 years-old. The odor of alcohol also proved sufficient, based on Van Dyken's experience as an officer, to warrant a reasonable belief that Shaw remained under the influence of alcohol while operating a motor vehicle and could have alcohol in her possession. *Dolan*, 283 Mont. at 253, 940 P.2d at 440.

¶9 An individual's knowing and voluntary consent to a search constitutes one of the generally recognized exceptions to the warrant requirement. *State v. Olson*, 2002 MT 211, ¶ 20, 311 Mont. 270, ¶ 20, 55 P.3d 935, ¶ 20. An individual's consent remains valid unless contaminated by express or implied duress or coercion. *Olson*, ¶ 20. We determine whether an individual's consent to a search proves voluntary by examining the totality of the circumstances. *State v. Kim* (1989), 239 Mont. 189, 779 P.2d 512 (overruled on other grounds by *State v. Cope* (1991), 250 Mont. 387, 819 P.2d 1280).

¶10 In *State v. Rushton* (1994), 264 Mont. 248, 870 P.2d 1355, we determined under the totality of the circumstances that the police fostered a coercive atmosphere when they promised that the defendant's cooperation to a search would avert incarceration and implied that they could sit in defendant's home for a number of hours without a warrant regardless of the scope of defendant's consent. *Rushton*, 264 Mont. at 259, 870 P.2d at 1362 (overruled

4

on other grounds by *State v. Hermes* (1995), 273 Mont. 446, 904 P.2d 587).

¶11    Shaw knowingly and voluntarily consented to a search of her vehicle. *Olson*, ¶ 20. The District Court received testimony at the suppression hearing from both parties concerning Shaw's consent. Between the testimony presented, the court found more reliable testimony from Van Dyken that Shaw consented to a search of her vehicle and that she never revoked her consent. The court found that the "defendant gave up equivocal specific consent to search . . . [that] is supported not only by the officer's testimony, but by the defendant's testimony that she didn't believe there was any alcohol or drugs in the vehicle." The court further determined that Van Dyken's *alleged* threats to impound Shaw's vehicle, even if true, failed to amount to coercion. Indeed, unlike the officers' conduct in *Rushton*, Van Dyken made no promises to Shaw regarding averting incarceration if she consented to a search and Van Dyken did not threaten to circumvent the scope of Shaw's consent absent a warrant. *Rushton*, 264 Mont. at 259, 870 P.2d at 1362.

¶12    It falls within the trial court's domain to resolve conflicts in the evidence based on its assessment of the demeanor and credibility of the witnesses before it, and this Court will not impose its own resolution of these conflicts on appeal. *Spina*, ¶ 24. We therefore conclude based on the evidence presented at the suppression hearing that Van Dyken had probable cause to search Shaw's vehicle and Shaw knowingly and voluntarily consented to the search of her vehicle.

¶13    Thus, the District Court correctly denied Shaw's motion to suppress evidence seized from a search of her vehicle. Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE